UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-80068-CR-ROSENBERG

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

KEVIN RAPHAEL BULLY,

    Defendant.

_____/

**MEMORANDUM RE: EXPERT TESTIMONY OF**
**MAY 20, 2016**

The defendant Kevin Bully, through counsel, files the following memorandum:

The defendant suggests that the Court should engage in a two part inquiry based upon the motions of the parties and the expert testimony received on May 20, 2016. First, the Court should decide what substances listed in U.S.S.G. § 2D1.1, comment. n.8(D) "Drug Equivalency Tables" are most closely related to ethylone and a-PVP. Second, the Court should then determine whether, and to what extent, a downward variance is appropriate based upon the excessive and arbitrary ratio to marijuana calculated under the sentencing guidelines. The expert's testimony is critical to both inquiries.

    1.    Sentencing Guidelines Ration of Ethylone to Marijuana

The sentencing guidelines call on the Court to determine the "most closely related" substance listed in the Drug Equivalency Tables in U.S.S.G. § 2D1.1, comment. (n.6) to ethylone. "To the extent practicable, "the Court should examine: 1) whether the listed substance has a chemical structure that is "substantially similar; 2) whether the listed substance has a stimulant, depressant, or hallucinogenic effect "substantially similar" to ethylone; and 3) whether a greater or lesser quantity of the listed substance is needed to produce a substantially similar effect on the central nervous system than ethylone.

a) Chemical Structure

The government's expert, Dr. DiBerardino, testified that, in his opinion, ethylone is closest in structure to MDEA. Sent. Trans., at 29. He noted that ethylone has a "beta ketone" present that MDEA did not, but he felt that the difference was not significant.

The defense expert, Dr. Gregory Dudley, disagreed. He felt that the extra "beta ketone" group was an important distinction. He referred to it as a "functional group," meaning that it has a greater tendency to react with other atoms and molecules. He stated that "functional groups define reactivity." Dr. Dudley did not feel that *any* of the listed substances were "substantially similar" in chemical structure to ethylone.

b) Pharmacological Effect

Dr. Jordan Trecki, the government's pharmacological expert, opined that ethylone is most similar to MDEA. Sent. Trans., at 54. He classified ethylone as a

stimulant. Dr. Trecki testified that ethylone is also comparable to MDA, Methylone and MDMA. "There are drugs similarly looking with similar pharmacological effects." Sent. Trans., at 50. Dr. Trecki then went so far as to contend that, in regard to potency, ethylone is equal in potency to methylone and MDMA. "I am tyring to show for prong three, when you look at the lesser or greater amount, that produces the same pharmacological effect. Ethylone, methylone, MDMA, regardless of which drug you take, you are getting the same effect." Id. Dr. Trecki did not compare ethylone to MDEA for purposes of potency, the third prong.

At the continuation of the evidentiary hearing on May 20, 2016, Dr. Trecki continued to compare ethylone with MDEA. However, Dr. Trecki provided made no potency comparison between ethylone and MDEA. Instead, he again sought to equate the potency of ethylone to that of MDMA.

Dr. Trecki did concede that ethylone is very similar in effect and potency to methylone. This comparison is important because much more clinical *invitro* and *in vivo* study has been done on methylone than on ethylone. Moreover, even the DEA has admitted in an October 2013 report that methylone is "about half as potent as MDMA."

As an aside and because the government made much to do regarding the district court's limitation of Dr. DeCaprio's testimony in *United States. V. John Michael McGuire*, Case No. 8:13-cr-421-T-35TGW, Middle District of Florida, this Court should also be aware of the order of another district court in regard to Dr. Trecki. In *United States v. Ira Stockton*, Criminal Case No. 13-0571 MCA, (May 2,

2016) (D.E. 451) (attached as Ex. 1), the Court issued an entire order specifically criticizing Dr. Trecki and striking the majority of his opinion.

The *Stockton* order concerned a *Daubert* challenge to Dr. Trecki's opinion regarding the hallucinogenic effects of analogue substances on the human central nervous system. Chief Judge M. Cristina Armijo initially noted that Dr. Trecki gave his opinion in "cookie-cutter fashion" and that he relied on an "erroneous definition of "substantially similar" in reaching his opinions. She further found that Dr. Trecki contradicted himself regarding the applicable legal standard. His proposed expert testimony was limited because it would "tend to confuse the issues and mislead the jury." Id., at 5.

Next, Chief Judge Armijo noted that Dr. Trecki's "willingness to unqualifiedly opine" in favor of the government "causes the Court to question whether Dr. Trecki applies his methodology in an outcome – determinative, rather than a scientifically principled, manner." Id., at 7.

Finally, the *Stockton* court found that: "Dr. Trecki Has Not Reliably Applied the Underlying Methods and Principles." Id., at 7. The court noted that the only "scientists who accept Dr. Trecki's methodology are a handful of colleagues at the DEA, who, like Dr. Trecki, are captive experts employed by the government. The only peer review to which Dr. Trecki's methodology arguably may have been subjected is what the Court would characterize as 'in house' peer review by his colleagues at the DEA." Id., at 8-9. Dr. Trecki's "unqualified opinions" implied "a

level of confidence that exceed[ed] the current state of scientific knowledge." Id., at 9.

The defense suggest that Dr. Trecki's testimony in the instant case was no less misleading and ill-founded. A basic and inherent premise in the Court's inquiry is determining what listed substances are "substantially similar" to ethylone and a-PVP. If Dr. Trecki did not understand that term on May 2, 2016, he certainly didn't on April 19, 2016 and there was no indication that he had changed the basis of his opinion on May 20, 2016.

Dr. Trecki also made a critical misstatement regarding the underlying pharmacology of a-PVP and methcathinone. Specifically, he testified that both a-PVP and methcathinone are monoamine transport "inhibitors." An inhibitor works by impeding dopamine and serotonin. See DeCaprio report, at 18-24. However, in truth and very importantly, methcathinone is *not* an inhibitor, but is a "substrate." Rather than impede chemical transfer, "substrates" facilitate the transfer. This distinction is clearly pointed out in Virginia Commonwealth University study offered by the government through Dr. Trecki. In fact, the study was designed to compare the pharmacological effects of cocaine to a known uptake inhibitor (a-PVP) and a known substrate (methcathinone). The undersigned suggests this is strong evidence that, like in the New Mexico case, Dr. Trecki's opinion is based upon an inherent misunderstanding of the applicable legal standard (i.e., "substantially similar") and an inherent misunderstanding of the basic science.

In contrast, a careful and unbiased reading of the order in *McGuire* regarding Dr. DeCaprio reveals that the court did not give great weight to Dr. DeCaprio mainly because "he offered no report or documentary evidence in support of his hybrid analysis unfortunately, in *McGuire*, the defense did not ask Dr. DeCaprio to submit a report." In the instant case, Dr. DeCaprio submitted an extensive report and was subject to complete cross-examination regarding his methodology and opinion.

Dr. DeCaprio gave a coherent, accurate and comprehensive presentation of the *in vitro* and *in vivo* clinical studies of ethylone and methylone. He included methylone because it is so similar to ethylone and because there is much more study of methylone. Dr. DeCaprio, in agreement with Dr. Trecki, opined that it was scientifically sound to extrapolate the methylone research to ethylone because of their similarities Dr. DeCaprio opined that, although ethylone has a similar stimulant effect as MDMA and MDEA, ethylone is "approximately 5-fold less potent" than MDMA or MDEA. He found the appropriate marijuana to ethylone ratio to be *less* than 100:1.

   2.   Sentencing Guidelines Ratio of a-PVP to Marijuana

      a) Chemical Structure

The government's expert, Dr. DiBerardino, testified that a-PVP is most similar in chemical structure to the listed substance methcathinone. Sent. Trans., at 22. He further testified that a-PVP is very similar in chemical structure to the

Schedule V substance pyrrolidinovalerophenone, or pyrovelerone. Sent. Trans., at 30.

Dr. Dudley, the defense expert discussed the application of the standard "substantially similar" and opined that none of the listed substances, including methcathinone, was "substantially similar" in chemical structure to a-PVP. However, he did agree with DR. DiBerardino that the Schedule V substance, pyrovalerone, is the most closely related.

      b) Pharmacological Effect

Dr. Trecki testified that a-PVP " is similar" in effect to the listed substance methcathinone. Sent. Trans., at 45, 54. He did not elaborate. On May 20, 2016, Dr. Trecki relied on the Virginia Commonwealth University study to conclude that a-PVP was approximately four times as potent as methcathinone. He cited no other studies to support that conclusion.

Given the previously noted flaws in Dr. Trecki's expert opinion, the defense urges that his testimony with regard to the effect and potency of a-PVP also be discounted or excluded. His misunderstanding of "substantially similar" and his fundamental error in referring to methcathinone as an uptake "inhibitor" are no less critical to his assessment of a-PVP, than they were the ethylone.

Dr. DeCaprio opined that a-PVP is "most consistent" in effect and potency with the listed substance methylphenidate, commonly known as "ritalin." DeCaprio report, at 47-50. He disagreed that a-PVP is most closely related to methcathinone.

Dr. DeCaprio concluded that the marijuana to a-PVP ratio, based on its similarity to methylphenidate, should be less than 100:1.

In conclusion, the defense suggests that its expert scientific opinions are better founded and more reliable than those of the government and the DEA. Accordingly, the defense requests that the Court find a marijuana to ethylone ratio of 100:1 and a marijuana to a-PVP ratio of 100:1 as well.

                Respectfully submitted,

                MICHAEL CARUSO
                FEDERAL PUBLIC DEFENDER

By:   *s/Fletcher Peacock*
        Fletcher Peacock
        Assistant Federal Public Defender
        Florida Bar No. 441996
        109 North Second Street
        Fort Pierce, Florida 34950
        Tel: 772-489-2123
        Fax: 772-489-3997
        E-Mail: Fletcher_Peacock@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY certify that on June 3, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                               By:  *s/Fletcher Peacock,* AFPD
                                                   Fletcher Peacock

## SERVICE LIST

**UNITED STATES v. KEVIN RAPHAEL BULLY**
Case No. 15-80068-CR-ROSENBERG
United States District Court, Southern District of Florida


**Fletcher Peacock**
**Fletcher_Peacock@fd.org**
**Assistant Federal Public Defender**
109 North Second Street
Fort Pierce, FL 34950
Tel: 772-489-2123
Fax: 772-489-3997
Attorney for Kevin Raphael Bully
Notices of Electronic Filing


**Lothrop Morris**
**lothrop.morris@usdoj.gov**
**Assistant United States Attorney**
United States Attorney's Office
500 South Australian Avenue
Suite 400
West Palm Beach, FL 33401
Tel:  561-820-8711
Fax: 561-820-8777
Notice of Electronic Filing