UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-80068-CR-ROSENBERG

UNITED STATES OF AMERICA,

Plaintiff,

v.

KEVIN RAPHAEL BULLY,

Defendant,

_____/

**ORDER**

This cause is before the Court upon Defendant, Kevin Raphael Bully's (hereinafter "Bully" or "Defendant") Objections to the Presentence Report (DE 175) and specifically, Defendant's Objections to Paragraph 31 of the Presentence Report in which Defendant "objects to the arbitrary ratio of Alpha-PVP to marijuana" and Paragraph 32 of the Presentence Report in which Defendant "objects to the arbitrary ratio of ethylone to marijuana". The Court has reviewed the Objections and all pertinent portions of the record and is otherwise fully advised in the premises. Accordingly, the Court overrules the Defendant's Objections to Paragraphs 31 and 32 of the Presentence Report for the reasons set forth below.

On December 8, 2015, Kevin Raphael Bully was indicted by a Grand Jury on eight counts, as follows: (1) conspiracy to possess with intent to distribute a controlled substance, to wit (Alpha-PVP, aka "Flakka") in violation of 21 U.S.C. §§ 846 and 841 (a)(1), (b)(1)(C); (2) attempt to possess with intent to distribute a controlled substance (Alpha-PVP, aka "Flakka") violation of 21 U.S.C. §§ 846 and 841 (a)(1), (b)(1)(C); (3) conspiracy to import into the U.S. a Schedule I narcotic controlled substance in violation of 21 U.S.C. § 963; (4) attempted importation into the U.S. a Schedule I narcotic controlled substance in violation of 21 U.S.C. § 952; (5) possession with intent to distribute a controlled substance, to wit, heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c); (6) possession with intent to

distribute a controlled substance, to wit, Alprazolam in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c); (7) felon in possession of a firearm in violation of U.S.C. §§ 922(g)(1) and 924(a)(2); and (8) possession of a firearm in furtherance of a drug trafficking crime in violation of 21 U.S.C. § 924(c)(1)(A). (DE 93 at 10-11). At trial, on February 11, 2016, the jury returned a verdict of guilty as to counts one through seven; as to count eight, the defendant was acquitted. (DE 161 at 1-2).

The Court conducted a sentencing hearing over three days, on April 19, 2016 (DE 185), on May 20, 2016 (DE 196), and June 3, 2016 (DE 207). On June 3, 2016, the Court pronounced Defendant's sentence, while reserving ruling on the Defendant's Objections to Paragraphs 31 and 32 of the Presentence Report; the Court concluded, and counsel for both sides agreed, that the Court's determination as these objections would not impact the outcome of the Defendant's offense level. The Court sentenced Defendant to 262 months—240 months for Counts 1 through 6, and 22 additional months for Count 7.

The primary contention between the parties with respect to Defendant's Objections to Paragraphs 31 and 32 of the Presentence Report is to which drug(s) within the United States Sentencing Guidelines ("Guidelines") the Court should compare Alpha-PVP and ethylone. Alpha PVP and ethylone are not referenced in Section 2D1.1 of the Guidelines, which provides the base level for drug offenses. When a controlled substance is not referenced in the Guidelines, the Court must "determine the base offense level using the marihuana equivalency of the most closely related controlled substance referenced in the guideline." Section 2D1.1 cmt. n. 6 ("Application Note 6"). In making that determination, the Court must consider, "to the extent practicable," the following three factors: (1) chemical structure, (2) effect on the user (whether stimulant, depressant, or hallucinogenic), and (3) relative potency of the drug. *See id.*

The Government contends that methcathinone is the most closely related substance in the Guidelines, in terms of structure, effect, and potency, to Alpha-PVP. (DE 204 at 2). Therefore, the Government asserts that Alpha-PVP should carry the same ratio of 1 gram of substance to 380 grams of

2

marijuana, under the Guidelines pursuant to Section 2D1.1 cmt. n. 8(D). Additionally, the Government argues that MDEA is the most closely related substance referenced in the Guidelines in structure and effect to ethylone, and as a result, should carry the same ratio of 1 gram of substance to 500 grams of marijuana. (DE 204 at 3). *See* Guidelines Section cmt. n. 8(D). The Defendant disagrees with the Government's proposed ratios, arguing instead that the Court find a marijuana to ethylone ratio of 100:1 and a marijuana to Alpha-PVP ratio of 100:1 (DE 205 at 6 and 8).

In support of its position, on April 19, 2016 the Government presented evidence through testimony from Dr. Thomas DiBerardino, who was offered as a forensic chemist. Dr. DiBerardino holds a Ph.D. in Polymer Chemistry from the City University of New York. Dr. DiBeradino had worked at the Drug Enforcement Agency ("DEA") for 22 years at the time of the sentencing hearing; his main responsibility is to look at chemical structures under the Controlled Substances Act. In his capacity, Dr. DiBeradino gives opinions to determine the similarity of the controlled substances. Dr. DiBerardino testified that Alpha-PVP has a similar chemical structure to that of methcathinone. He testified that the similarities are that they have a phenethylamine core chemical structure that causes them to be classified as phenethylamine. Dr. DiBeradino also testified that ethylone has a chemical structure that is substantially similar to that of MDEA. Both substances are classified as phenethylamines. The sole distinction between the substances is that ethylone has an oxygen atom, a "beta ketone", that is not present on MDEA. Lastly, Dr. DiBeradino noted in his testimony that from a molecular standpoint, Pyrrolidinovalerophenone, a Schedule V substance is structurally similar to Alpha-PVP.

The Government next presented evidence through testimony from Dr. Jordan Trecki, a pharmacologist with the DEA. At the time of the sentencing hearing, Dr. Trecki's duties included research and reporting on licit and illicit substances under the Controlled Substances Act, determining whether a substance is scheduled, reviewing drugs for substances under the Controlled Substances Act and comparing the pharmacological effects of drugs and other substances to one another. Dr. Trecki's

testimony concerned the second and third prong of the three prong test that guides this Court in reaching its determination – the effect on the user and the relative potency of the drug. In reaching his conclusions, Dr. Trecki relied upon four broad categories that pharmacologists can use to look at data to reach an opinion as to the effects and potency of a particular drug: structure relationship activity, in vitro studies, in vivo studies and the lack of medical uses for the substances. Dr. Trecki testified that, based on the in vitro approach (these are test tube studies where one looks at the binding properties of a substance in analyzing this substance), Alpha-PVP is similar in pharmacological effects to methcathinone. Dr. Trecki concluded that methcathinone and Alpha-PVP bind to similar neuro transmitters, dopamine and norepinephrine, and they are shown to have stimulant effects in the nervous system. Dr. Trecki relied upon the Smith report, a peer reviewed non-human primate study, to demonstrate that Alpha-PVP is multiple times more potent than methcathinone.  Dr. Trecki then testified, using similar data, that ethylone is most similar to MDEA, finding that each substance has a stimulant effect on the central nervous system and a similar phenethylamine core structure.  However, Dr. Trecki testified that there is no reliable information to determine whether a lesser or greater quantity of ethylone is needed to produce a substantially similar effect on the central nervous system as that produced by MDEA.

The Defendant, in its Memorandum at DE 205, noted that at least one court in *United States v. Ira Stockton*, 13-0571 MCA (May 2, 2016)(DE 451)(attached to the Defendant's Memorandum) criticized Dr. Trecki regarding his opinion regarding the hallucinogenic effects of analogue substances on the human central system. The Defendant also noted that Dr. Trecki made a critical misstatement regarding the underlying pharmacology of Alpha-PVP and methacathinone insofar as he testified that both are monoamine transport "inhibitors" when in fact methcathinone is not an inhibitor, but rather a "substrate". (DE 205 at 5)

On May 20, 2016, the Defendant presented evidence through the testimony of Dr. Gregory Dudley, a professor in the department of chemistry and biochemistry at Florida State University; Dr.

4

Dudley was presented as an expert on chemical structure. Dr. Dudley testified that Alpha-PVP is most substantially similar to that of pyrovalerone because the difference is least significant; he further testified that ethylone is closest to methcathinone, although not substantially similar, as it pertains to the chemical structure. Dr. Dudley testified that the Schedule V substance, pyrovalene, is the most closely related. However, Dr. Dudley clarified that there is not a structure among the chemicals listed in the Guidelines substantially similar to ethylone.

The Defendant then presented the testimony of Dr. Anthony DeCaprio, a qualified expert in the fields of pharmacology and an associate professor at Florida International University. Dr. DeCaprio indicated that no human testing had been conducted as it pertained to ethylone and Alpha-PVP. In reaching his conclusion, Dr. DeCaprio testified that he collected peer review published papers and compiled the data in a way in which he could assess the potency or effect of the two drugs. Regarding the pharmacological effect, Dr. DeCaprio testified that both methylone and ethylone were closest to MDMA or MDEA. Dr. DeCaprio indicated that methylone is approximately one fifth as potent as MDMA, and that ethylone is equal to or possibly less potent than methylone. He found that the appropriate marijuana to ethylone ratio to be less than 100:1. Assessing the research on Alpha-PVP, Dr. DeCaprio deemed methylphenidate, or Ritalin, as the most comparative drug for Alpha-PVP, based on relative potency. He disagreed that Alpha-PVP is most closely related to methcathinone.

The Eleventh Circuit in *U.S. v. Brey,* 627Fed. Appx. 775 (11th Cir. 2015), considered the issue of the proper ratio of ethylone to marijuana under the Guidelines. The Government argued at the sentencing, as in this case, that the 1:500 ratio should apply to ethylone because the first two factors under the Application Note 6, chemical structure and effect on the user, favored the Government, while the third factor, "potency", was an "unknown" that should be considered "neutral" so "the scales tip in favor of the Government". At the sentencing hearing, the district court heard from Government experts from the DEA, Dr. Daniel Willenbring, a chemist, and Dr. Casandra Prioleau, a pharmacologist. Dr. Willenbring, like Dr. DiBeradino in this case, testified that ehylone and MDEA were very similar in

chemical structure and there was no drug in the Guidelines that was a better match for ethylone than MDEA. Dr. Willenbring also noted the one difference between ethylone and MDEA, the "beta Keto", the oxygen atom added to MDEA to make it ethylone.  Dr. Prioleau, like Dr. Trecki in this case, testified that ehtylone "is expected to have a stimulant effect in the central nervous system that is substantially similar to that of MDEA." *Id.* At 778.  Dr. Prioleau was not aware of any human or animal studies on the potency of ethylone, and she admitted that ethylone could be more potent, less potent than, or as potent as MDEA or methylone.  The district court held, and the Eleventh Circuit affirmed the finding, that MDEA was the most closely related substance to ehtylone under Application Note 6 to Section 2D1.1. The Court did not find Brey's argument that the lack of evidence of potency was fatal to the Government's position as Application Note 6 does not impose an absolute duty on the Government to produce evidence about all three factors; rather it requires only that the district court consider the three factors "to the extent practical." Guidelines Section 2D1.1 cmt. n. 6; *Brey*, 627 Fed. Appx. at 780.

      The Court has considered "to the extent practicable," the following three factors: (1) chemical structure, (2) effect on the user (whether stimulant, depressant, or hallucinogenic), and (3) relative potency of  Alpha-PVP and ethylone.  The Court has considered the arguments and evidence presented by the Government and the Defendant regarding the substance most closely related to Alpha-PVP and ethylone under Application Note 6 to Section 2D1.1 of the Guidelines.  The Court finds that the Government has proven, by a preponderance of the evidence, with reliable and specific evidence, that Alpha-PVP is most closely related to methcathinone and so should carry the same conversion ratio of 1 gram of substance to 380 grams of marijuana and that ethylone is most closely related to MDEA and so should carry the same conversion  ratio of 1 gram of substance to 500 grams of marijuana. The Court found the testimony of the Government's experts to be credible. The experts were qualified to testify about the matters they testified and offered reliable scientific evidence to support their conclusions. With respect to the chemical structure of the substances, the Court found that Dr. DiBeradino offered persuasive testimony that Alpha-PVP is substantially similar to methcathinone and that ethylone is substantially similar to MDEA. By contrast, Dr. Dudley's comparison of  Alpha-PVP to pyrovalerone is

based on the conclusion that the difference is least significant; and, Dr. Dudly agreed that ethylone is closest to methcathinone as it pertains to the chemical structure. Similarly, the Court found persuasive Dr. Trecki's conclusions that: Alpha-PVP is similar in pharmacological effects to methcathinone insofar as they bind to similar neuro transmitters, dopamine and norepinephrine, and they are shown to have stimulant effects in the nervous system; and, ethylone is most similar to MDEA, finding that each substance has a stimulant effect on the central nervous system and a similar phenethylamine core structure.

For the foregoing reasons, it is hereby ORDERED and ADJUDGED that the Defendant's Objections to the Presentence Report at Paragraphs 31 and 32 are **OVERRULED.**

**DONE and ORDERED** in Chambers, at West Palm Beach, Florida, this 12th day of September, 2016.

*[signature: Robin L. Rosenberg]*

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

cc:
Counsel of Record